**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Rivers,<br><br>    Plaintiff,<br><br>v.<br><br>Florence Crittenton Services of Arizona Incorporated, et al.,<br><br>    Defendants. | No. CV-24-00775-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Mark Rivers' Motion to Amend the Complaint (Doc. 24) and Defendant Florence Crittenton Services of Arizona Incorporated's Motion to Strike (Doc. 20). Both motions have been fully briefed. (Docs. 23, 25-27.) For the reasons that follow, the Court will grant Plaintiff's motion to amend and deny Defendant's motion to strike as moot.

**I.**

On April 5, 2024, Plaintiff filed this action, alleging retaliation under Title VII and the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 ¶¶ 26-52.) On August 14, the Court issued its scheduling order which set a deadline for filing a motion to amend the pleadings as September 27, 2024. (Doc. 11 at 1.)

On September 25, 2024, Plaintiff filed a Notice of Filing an Amended Pleading and first amended complaint with a redlined copy. (Docs. 16-17.) On the September 27th deadline, Plaintiff filed another Notice of Filing Amended Pleading along with a second amended complaint and redlined copy. (Docs. 18-19.) Both notices followed Plaintiff's

receipt of a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). (Doc. 24 at 2.) Defendant now moves to strike the second amended complaint (Doc. 20), and Plaintiff moves to amend the pleadings (Doc. 24).

## II.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If outside the twenty-one-day limit, as is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has not obtained written consent from Defendant, and therefore, may only file an amended pleading with leave of this court. *Id.*

Rule 15(a)(2) requires courts to "freely give leave when justice so requires." *Id.* The policy in favor of allowing leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). In determining whether to grant leave to amend, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014). "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court assesses each of the five factors in turn. First, no party argues, nor can the Court deduce from the record that Plaintiff's amended complaint was the result of either bad faith or undue delay. Rather, Plaintiff explains that an amendment was necessary after he received two right to sue letters from the EEOC on September 25th and September 26th. (Doc. 24 at 2.) Plaintiff filed the second amended complaint, incorporating these allegations, the following day. (*Id.*) Turning to prejudice: Plaintiff filed the second

amended complaint by the deadline for amending the pleadings as set by this Court. (Doc. 11 at 1.) This is well in advance of the discovery deadlines, and factual discovery is still ongoing. (*Id.* at 2-3.) Therefore, the Court concludes that granting Plaintiff leave to amend would impart little to no prejudice to Defendant. *See Desertrain*, 754 F.3d at 1155 (holding that an amendment was appropriate in part because the "issue did not require further discovery").

Futility also weighs in favor of granting Plaintiff leave to amend. As the second amended complaint alleges, Plaintiff filed a sixth EEOC charge against "Chicanos Por La Causa for the continued retaliation he faced since filing his previous EEOC Charges of Discrimination." (Doc. 19 ¶ 51; *see also id.* ¶¶ 22-24.) As a result, the amendment is not futile but goes to the merits of Plaintiff's retaliation claims. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotation and citation omitted).

That brings the Court to the fifth and final factor: whether the plaintiff has previously amended the complaint. Although Plaintiff filed a first amended complaint on September 24, 2024, that pleading was effectively mooted when—three days later—Plaintiff filed a second amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that an amended complaint supersedes the original complaint). And this is Plaintiff's first motion for leave to amend before this Court. Therefore, the fifth factor weighs in favor of granting Plaintiff leave.

Defendant does not appear to contest that all five factors support granting Plaintiff's motion. (*See* Doc. 26.) Rather, Defendant asks the Court to deny Plaintiff's motion because Plaintiff filed a notice of amended pleading rather than a formal motion to amend, and the current motion to amend is untimely by one month. (*Id.* at 3-4; *see also* Doc. 20.) As Defendant correctly points out, the deadlines set by the Court are to be "taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). But Plaintiff's attempt to file the amended pleading by the deadline—albeit incorrectly—demonstrates a good faith

effort to comply with this Court's scheduling order. And this Court is required to apply the policy of leave to amend "with extreme liberality." *Owens*, 244 F.3d at 712. Denying Plaintiff leave to amend on a mere technicality would run in stark contrast to the policies underlying Rule 15.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion to Amend (Doc. 24). The Second Amended Complaint filed on September 27, 2024 at Doc. 19 is now the operative pleading in this matter.

**IT IS FURTHER ORDERED** denying Defendant's Motion to Strike (Doc. 20) as moot.

**IT IS FURTHER ORDERED** that, within seven (7) days of this Order, Plaintiff must obtain a summons for Defendant Chicanos Por La Causa, Inc.

**IT IS FINALLY ORDERED** that, within fourteen (14) days of obtaining the summons, Plaintiff must promptly serve the newly added Defendant Chicanos Por La Causa, Inc. with the summons, the operative complaint (Doc. 19), a copy of this Court's scheduling order (Doc. 11), and a copy of this Order. Defendant Chicanos Por La Causa, Inc. is advised that it is bound by the dates set in the scheduling order.

Dated this 5th day of March, 2025.

Michael T. Liburdi
United States District Judge